UME INVESTMETS, INC.,

        Plaintiff,

        v.        Case No. 22-C-1505

S.O.D. HOLDINGS, LLC,
ERIC CARLYLE HERB, f/k/a Unknown Tenant 1,
and DANIEL ELMER KNEPPER, f/k/a Unknown Tenant 2,

        Defendants.

## ORDER DENYING RENEWED MOTION FOR DEFAULT JUDGMENT

Plaintiff UME Investments, Inc. filed a complaint for Foreclosure of Real Property and Related Relief on December 14, 2022, alleging that S.O.D. Holdings, LLC, a North Carolina limited liability company, had issued a note for $599,000 secured by a mortgage on two parcels of property located in Marinette County, Wisconsin. The complaint alleged that S.O.D. Holdings had failed to make any payments on the note and sought foreclosure of the mortgage on the two parcels, entry of judgment for the principal and interest due on the note, and attorney's fees and costs. Based on the evidence of service filed with the court on April 5, 2023, a responsive pleading was due from the defendants Eric Carlyle Herb and Daniel Elmer Knepper on January 25, 2023, and from the defendant S.O.D. Holdings, on March 21, 2023. When no answer or other responsive pleading was filed by that date, Plaintiff requested the Clerk's entry of default. The Clerk entered default on April 6, 2023. Default Judgment was granted on July 6, 2023.

Concerned over the confusing pleadings, the inconsistent amounts set forth in the motion for default judgment, and wanting to clarify further the court's jurisdiction, at an August 24, 2023 telephonic hearing the court vacated the default judgment and ordered Plaintiff to submit a new motion for default judgment along with proposed findings of fact to correct issues with subject-

matter jurisdiction and clarify the calculation of damages against S.O.D. Holdings. Attorneys Gavin Clarkson and Larry Vick also appeared at the hearing on behalf of Two Fish Fund, LLC, claiming they had an interest in the property. Plaintiff was directed to notify Clarkson and Vick of any new filings.

The matter now comes before the court on Plaintiff's renewed motion for default judgment, filed on October 23, 2023. On October 31, 2023, Plaintiff filed a notice of compliance, certifying service of the renewed motion for default judgment on attorneys Clarkson and Vick, as directed by the court. However, the notice of compliance did not specify when they were served. On November 1, 2023, the court entered an order directing Plaintiff to advise the court within seven days as to the date when Clarkson and Vick were served with a copy of the renewed motion for default judgment. To date, Plaintiff has not advised the court as to the date of service. For the following reasons, Plaintiff's renewed motion for default judgment will be denied.

Although Plaintiff has clarified the issues regarding subject-matter jurisdiction, questions remain as to what relief, if any, it may be entitled. Other than identifying UME as the plaintiff and a Nevada corporation with its principal place of business in Nevada, the complaint fails to state what interest UME has in either the notes or the property allegedly mortgaged as security. In the notes themselves, the Lender is identified as "c/o Funding Rush, Inc." Dkt. Nos. 1-2 at 5 & 1-3 at 28. Exhibit A to each note names UME under the heading "Lender Vesting," *id.* at 10, 36, but there is no explanation of how, if at all, UME has succeeded to the rights of the lender. In addition, the calculation of damages remains unclear. In most cases, a copy of the note or agreement on which the claim is based would be submitted, along with a history of any payments that were made, and a detailed explanation of how Plaintiff has arrived at the amount owed, including an interest calculation, all attested to by someone with personal knowledge. On the record as it now stands, it is not clear from the complaint, renewed motion for default judgment, and its accompanying

affidavit how the accrued interest was calculated. The principal amount claimed is $598,731.40. Plaintiff's proposal for renewed default judgment states that, as of August 13, 2023, Plaintiff is owed accrued interest in the amount of $152,098.45. Further, Plaintiff's proposed decree states that interest continues to accrue at the rate of $351.45 per day from November, 13, 2023, until the date of entry of the decree. However, there is no explanation of how Plaintiff has arrived at the accrued interest amount owed and how it should differ from the accrued interest amount in the vacated judgment.

Finally, Plaintiff's request for foreclosure assumes that title to the parcels described resides with S.O.D. Holdings. Given the conflicting claims asserted by Clarkson and Vick, the court checked the Marinette County Land Records website. The website does not list S.O.D. Holdings as a current or past owner of the parcels at the address listed in the notes. Under these circumstances, any motion seeking foreclosure of these parcels should be supported by a certified record establishing S.O.D. Holdings' title to the property. If Plaintiff seeks foreclosure, his motion should also set out a proposed procedure for sale of the property. *See* 28 U.S.C. § 2001.

In sum, the court is unable to enter judgment on the record as it now stands. If Plaintiff expects entry of a default judgment for foreclosure of a mortgage and more than $600,000, more is required. Accordingly, the motion for default judgment (Dkt. No. 18) is **DENIED**. Further, given the convoluted history in this case, Plaintiff is directed to correct these deficiencies within the next thirty (30) days or this case will be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED** at Green Bay, Wisconsin this 8th day of January, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge