UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UME INVESTMENTS, INC.,

        Plaintiff,

        v.                              Case No. 22-C-1505

S.O.D. HOLDINGS, LLC,
ERIC CARLYLE HERB, f/k/a Unknown Tenant 1,
and DANIEL ELMER KNEPPER, f/k/a Unknown Tenant 2,

        Defendants.

---

## ORDER DISMISSING CASE WITHOUT PREJUDICE

---

      Plaintiff UME Investments, Inc., filed a complaint for Foreclosure of Real Property and Related Relief on December 14, 2022, alleging that S.O.D. Holdings, LLC, a North Carolina limited liability company, had issued a note for $599,000 secured by a mortgage on two parcels of property located in Marinette County, Wisconsin. The complaint alleged that S.O.D. Holdings had failed to make any payments on the note and sought foreclosure of the mortgage on the two parcels, entry of judgment for the principal and interest due on the note, and attorney's fees and costs. Based on the evidence of service filed with the court on April 5, 2023, a responsive pleading was due from the defendants Eric Carlyle Herb and Daniel Elmer Knepper, formerly known as Unknown Tenant 1 and 2, on January 25, 2023, and from the defendant S.O.D. Holdings, on March 21, 2023. When no answer or other responsive pleading was filed by that date, Plaintiff requested the Clerk's entry of default. The Clerk entered default on April 6, 2023. Default Judgment was granted on July 6, 2023.

Concerned over the confusing pleadings, the inconsistent amounts set forth in the motion for default judgment, and wanting to clarify further the court's jurisdiction, at an August 24, 2023 telephonic hearing the court vacated the default judgment and ordered Plaintiff to submit a new motion for default judgment along with proposed findings of fact to correct issues with subject-matter jurisdiction and clarify the calculation of damages against S.O.D. Holdings. Attorneys Gavin Clarkson and Larry Vick also appeared at the hearing on behalf of Two Fish Fund, LLC, claiming they had an interest in the property. Plaintiff was directed to notify Clarkson and Vick of any new filings.

Plaintiff filed a renewed motion for default judgment on October 23, 2023. The court denied Plaintiff's renewed motion in an order entered on January 8, 2024, noting confusion over a number of different matters. Plaintiff has now filed a Second Renewed Motion for Default Judgment attempting further to clarify the basis for the relief being sought. Although it appears the court's concerns over the citizenship of the primary parties have been resolved, the record is still silent as to the States of citizenship of Herb and Knepper, the individuals originally identified as "Unknown Tenant 1" and "Unknown Tenant 2." Having reviewed Plaintiff's renewed motion and the entire file in this matter, the court concludes that the case should be dismissed for lack of subject matter jurisdiction.

This court has an obligation to raise *sua sponte* whether the court has subject matter jurisdiction. *See Craig v. Ontario Corp.*, 543 F.3d 872, 875 (7th Cir. 2008). Courts have original jurisdiction of civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Diversity jurisdiction cannot be established without knowing the citizenship of every defendant. For this reason, "John Doe" defendants are generally not permitted in diversity suits. *Pain Ctr. of SE*

*Indiana LLC v. Origin Healthcare Solutions LLC*, 893 F.3d 454, 458 (7th Cir. 2018) ("Because the prerequisites for diversity jurisdiction must be proved and not presumed, John Doe defendants are ordinarily forbidden in federal diversity suits."); *see also Regions Bank v. Rooney*, No. 3:18-CV-3272, 2019 WL 2358927, at *2 (C.D. Ill., June 4, 2019) ("Because the inclusion of Unknown Owners and Non-Record Claimants destroys complete diversity, this cause is dismissed without prejudice for lack of jurisdiction.").

In this case, two defendants were initially named as Unknown Tenants 1 and 2. The names of these individuals were added after they were served with a copy of the complaint. Dkt. No. 12. But the record is silent as to the State or States of citizenship of the two tenants. Although the affidavits of service indicate that the two were served in Wisconsin, that is not enough to determine their citizenship. *See Guaranty Nat. Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996) ("When the parties allege residence but not citizenship, the court must dismiss the suit.") (citing *Steigleder v. McQuesten*, 198 U.S. 141 (1905)). Indeed, the mere fact that there were served in Wisconsin is not even evidence that they reside there. The court therefore concludes that the Amended Complaint fails to allege facts sufficient to show subject matter jurisdiction.

Having provided Plaintiff multiple opportunities to properly resolve this matter, the court concludes that dismissal at this time without prejudice is appropriate. The failure to properly allege subject matter jurisdiction is not the only problem with this case. Although Plaintiff asserts that the court has diversity jurisdiction, Plaintiff fails to cite any state law governing real property foreclosure. Instead, the only authority it asserts is 28 U.S.C. § 2201, the Declaratory Judgment Act, and 28 U.S.C. § 2001, which governs sales of land ordered sold by a federal court. Neither addresses foreclosure of commercial property by a private lender. In the event Plaintiff chooses to refile its action, it may wish to consult an attorney experienced in Wisconsin foreclosure law.

In any event, for the reasons set forth above, this action is dismissed without prejudice for failure to plead facts sufficient to show subject matter jurisdiction. The Renewed Motion for Default Judgment is denied as moot.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of February, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge